UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-23699-RKA

DAVID GORDON OPPENHEIMER,

    Plaintiff,

v.

PANDA IDX, LLC,

    Defendant.

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff David Gordon Oppenheimer, ("Oppenheimer") by and through his undersigned counsel, hereby files his response to the Court's December 21, 2022 Order to Show Cause ("OTSC") (ECF No. 17) and his incorporated memorandum of law. Oppenheimer respectfully requests that the Court discharge the OTSC.

As the Court noted in the OTSC, a status conference in this case was set for December 19, 2022 at 3:00 p.m. Oppenheimer's counsel failed to appear at the hearing. Oppenheimer and undersigned counsel apologize to the Court for their unintentional failure to appear. As more fully explained below, Oppenheimer did not intentionally miss the hearing. Oppenheimer's counsel has taken corrective action to avoid a repeat of this situation, and respectfully requests the Court allow Oppenheimer the opportunity to prosecute his case.

### BACKGROUND

1.    Oppenheimer filed his Complaint against Panda IDX, LLC ("Panda") on November 10, 2022.

2. Panda has not yet been served in this matter, as efforts by the process server have been unsuccessful.

3. On December 12, 2022, the Court entered its Order Scheduling Video Status Conferences, in which it scheduled a status conference for Monday, December 19, 2022 at 3 p.m. (DE 13). Counsel were required to attend in person at the Wilkie D. Ferguson Jr. U.S. Courthouse, 400 North Miami Avenue Courtroom 12-4, Miami, Florida, 33128.

4. Due to an issue with the email Oppenheimer's counsel received from the CM/ECF system more fully explained below, Counsel for Oppenheimer failed to appear at the scheduled hearing. (Declaration of Angela Nieves "Nieves Decl.", ¶ 5).

5. On December 20, 2022, despite not yet being served, a representative for Panda, Marco Peralta, filed a Motion for Extension of Time to File Answer. (DE 16).

6. On December 21, 2022, the Court issued an Order noting Plaintiff's attorneys' failure to attend the hearing and requiring them to show cause why this case should not be dismissed by December 26, 2022. (DE 17).

7. On the same day, the Court entered an order staying the case for 30 days and ordering the case be closed for administrative purposes only. (DE 18).

## MEMORANDUM

Oppenheimer's counsel ("SRIPLAW") is experienced in litigating matters in federal court, and has set up a multi-level system to ensure that notices that arrive through the CM/ECF system from courts across the country are received, considered, and managed by the attorneys of record on each case. (Nieves Decl., ¶ 6). Unfortunately, the unique formatting of the email notice for this Court's December 12, 2022 Order allowed the present notice to circumvent this system.

SRIPLAW's first review of CM/ECF notices is the email delivered directly to attorneys and paralegals, where they can access any filed documents by following links in the emails to the

online docket and the electronically filed documents. (Nieves Decl., ¶ 7). Second, SRIPLAW uses a system called Docketbird, which manages PACER-generated emails to track the issuance of all new court filings. When a filing is docketed by the court, Docketbird automatically downloads the corresponding order or filing, generates an email with the description of the court transaction, attaches the order or filing, and sends the email to any prearranged email addresses. Attorneys and paralegals assigned to a case receive all Docketbird emails concerning that case. Paralegals docket any deadlines accordingly in the corresponding case file for all assigned attorneys and staffers to see. (Nieves Decl., ¶ 8).

Finally, SRIPLAW employs a third layer of review to help catch any emails that were not delivered to their assigned attorneys and staffers, or perhaps were overlooked. When a Docketbird email is generated, an SRIPLAW staffer posts it to a shared messaging board for SRIPLAW paralegals to review, confirm which emails correspond to their assigned cases, and docket any deadlines not already docketed in the corresponding case file. (Nieves Decl., ¶ 9).

On December 12, 2022, when the Court's Order scheduling the status conference was docketed, the email received from the CM/ECF system referenced this case in the subject line. However, the body of the email first noticed a separate case, *Jimenez v. Jackson Health System* (flsd-1:2021-cv-23829), and an order entered at DE 19 (Order Scheduling Video Status Conferences). (Nieves Decl., ¶ 10; Ex. 1). SRIPLAW does not represent any party in *Jimenez*. (Nieves Decl., ¶ 11). In the same email, underneath the aforementioned case and order details, next appeared the name and case number for the instant action, and DE 13 Order Scheduling Video Status Conferences. (Nieves Decl., ¶ 12).

Unfortunately, this email formatting caused Docketbird to pull the order corresponding to the *Jimenez* case details and automatically generate and send out an email referencing only the

*Jimenez* case. (Nieves Decl., ¶ 13, Ex. 2). The Docketbird email SRIPLAW counsel and paralegals received did not reference the *Oppenheimer* case in the subject line, in the attachments file name preview, or in the body of the email. (*Id.*). The email referenced the *Jimenez* case in both the subject line and the body. The only attachment is the Court's Order in that case entered at DE 19. (*Id.*).

As a consequence, SRIPLAW attorneys and paralegals, despite diligently checking for incoming emails alerting to new docket entries in their cases, failed to note that the email received on December 12, 2022 referencing *Jimenez v. Jackson Health System* also corresponded to the instant action. (Nieves Decl., ¶ 14). Instead, the Docketbird system failed to alert recipients to discrepancies or potential problems in the CM/ECF notice email received, and automatically generated and delivered an email to SRIPLAW attorneys and paralegals who did not recognize the case as one of their own. (Nieves Decl., ¶ 15).

When an SRIPLAW staffer subsequently posted the Docketbird email to the paralegal message board, it did not contain any reference to the present matter, as none existed in the Docketbird message. (Nieves Decl., ¶ 16). As a result, the status conference date went uncalendared to any attorney, and SRIPLAW failed to appear on behalf of its client at the status conference. (*Id.*)

The firm's three levels of safeguards failed due to unique circumstances this firm has not encountered before. (Nieves Decl., ¶ 17). SRIPLAW carefully reviewed its process with respect to receiving and docketing new court filings, and immediately implemented measures to ensure this never happens again. Effectively immediately, a designated SRIPLAW staffer is reviewing every new court filing and ensuring each and every notice and docket entry is claimed timely by assigned personnel, or accounted for if unclaimed for some reason. (Nieves Decl., ¶ 18). The

same SRIPLAW staffer will investigate any unclaimed court filings and work with an attorney in order to determine whether further action by the firm is warranted. (*Id.*). SRIPLAW is confident this additional fourth level of review, together with the ones already in place, will prevent any new court filings from going unnoticed. (Nieves Decl., ¶ 19). The errors that led to SRIPLAW's missed status conference were very unfortunate, but also extremely infrequent. SRIPLAW strives to represent their clients responsibly. (Nieves Decl., ¶ 20). There was no malicious intent or knowledge with the errors, and SRIPLAW regrets the inconvenience it has caused the Court.

### The Failure to Appear at the Status Conference Is Not Cause for This Lawsuit to be Dismissed

Oppenheimer and his counsel apologize to the Court for the inconvenience this has caused and for wasting the Court's time and resources at the hearing. Oppenheimer's failure to appear, however, is not cause for this lawsuit to be dismissed. There was no prejudice to defendant Panda, which as of the date of the status conference had not yet been served with the initiating documents, made an appearance, or otherwise defended the case. There was no activity in the case for Oppenheimer to report to the Court on the date of the status conference because the first deadline in the litigation, for Panda's response to the Complaint, has yet to even be set based on a yet-to-occur date of service.  The case is only six weeks old.

The Eleventh Circuit has held that a court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. *Equity Lifestyle Props., Inc v. Fla. Mowing & Landscape Serv.*, 556 F.3d 1232, 1240 (11th Cir. 2009). While dismissal with prejudice requires "a clear record of delay or contumacious conduct by the plaintiff," *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986), for a dismissal without prejudice the standard is less stringent because the plaintiff is able to file the suit again. *Brown v. Blackwater River Corr.*

*Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) citing *Boazman v. Econ. Lab, Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976).

Courts in the Eleventh Circuit often find cause to dismiss a case when a party's failure to attend a hearing or conference is coupled with other, often multiple instances of incompliance and failure respond to court orders. See, e.g., *Sosa v. Miami Dade Cty.*, No. 1:20-cv-22031-JEM/Becerra, 2022 U.S. Dist. LEXIS 106008, at *1 (S.D. Fla. June 14, 2022) *report and recommendation adopted*, No. 20-22031-CIV-MARTINEZ-BECERRA, 2022 U.S. Dist. LEXIS 116404 (S.D. Fla. June 30, 2022) (recommending dismissal without prejudice because of plaintiff's failure to prosecute by not participating in discovery, complying with the court's show cause order, and his failure to attend the show cause hearing); *Agudelo v. Padron*, No. 18-22612, 2021 U.S. Dist. LEXIS 42944, at *4 (S.D. Fla. Mar. 5, 2021) (dismissing without prejudice because the parties ignored the court's order to file a joint status report to advise whether they were moving forward with the case, and plaintiff failed to appear at the status conference or contact chambers); *Malick-Wimmer v. Wimmer*, No. 2:20-cv-00885-JES-MRM, 2021 U.S. Dist. LEXIS 208184, at *3 (M.D. Fla. Oct. 28, 2021) (dismissing the case without prejudice due to plaintiff's failure to attend a preliminary pretrial conference and her noncompliance with the court's three separate show cause orders); *Sunlust Pictures, LLC v. Nguyen*, No. 8:12-cv-1685-T35-MAP, 2012 U.S. Dist. LEXIS 194423, at *5-6 (M.D. Fla. Dec. 18, 2012) (dismissing case because plaintiff and plaintiff's counsel failed to appear at a hearing despite having notice of the hearing and the requirement that lead counsel specifically attend, in addition to attempting to deceive the court by sending an unqualified individual to the hearing to pose as plaintiff's corporate representative); *In re Chandler*, 89 B.R. 1002, 1004 (N.D. Ga. Apr. 19, 1988) (finding

that a failure to attend a required meeting does not constitute per se grounds for *sua sponte* dismissal but can be a factor in considering dismissal for want of prosecution).

The underlying theme in cases where the court dismisses a plaintiff's claims *sua sponte* is lack of prosecution by the plaintiff. Here, Oppenheimer has not had the opportunity to prosecute his case because it was only filed November 10, 2022, and the first deadline in the case has yet to even be established. Oppenheimer's unintentional missed hearing, the first and only event that could be interpreted as a lack of intent to prosecute, should not be the only factor the Court considers in deciding whether to dismiss the case, especially considering the unique circumstances of the CM/ECF notification.

Oppenheimer's counsel's failure to attend the hearing was unintentional. SRIPLAW has implemented measures to prevent this situation repeating itself. The defendant has not been prejudiced. The case is new. Oppenheimer intends to diligently prosecute his case against Panda. Accordingly, good cause exists for this Court to not dismiss this case at this juncture.

## Conclusion

Oppenheimer and his counsel apologize to the Court for having failed to attend the status conference. Since SRIPLAW has shown good cause why the case should not be dismissed, the Court should discharge the OTSC and lift the 30-day stay on the case.

Dated:  December 23, 2022                           Respectfully submitted,

*/s/ Angela M. Nieves*
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number:  125322
craig.wirth@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*