UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-23699-RKA

DAVID GORDON OPPENHEIMER,,

    Plaintiff,

v.

PANDA IDX, LLC,

    Defendant.

**DECLARATION OF ANGELA NIEVES IN SUPPORT OF
PLAINTIFF DAVID OPPENHEIMER'S RESPONSE TO ORDER TO SHOW CAUSE**

Pursuant to 28 U.S.C. § 1746, I hereby declare under the penalty of perjury under the laws of the United States that the following is true and correct to the best of my knowledge and belief:

1. I, ANGELA NIEVES, am an attorney for Plaintiff David Gordon Oppenheimer in the above-entitled action.

2. I am an associate at SRIPLAW, P.A. ("SRIPLAW"). I joined SRIPLAW in August 2021, and this firm assumed representation of Oppenheimer for the filing of the current matter.

3. I could and would testify competently to the matters set forth herein.

4. I sincerely apologize to the Court for having failed to attend the status conference scheduled by the Court on Monday, December 19, 2022.

5. There was an issue with our court filings management system, which ultimately led to an oversight that eventually caused our firm missing the hearing.

6. Our firm is experienced in litigating matters in federal court, and has set up a multi-level system to ensure that notices that arrive through the CM/ECF system from courts across the country are received, considered, and managed by the attorneys of record on each case.

7. SRIPLAW's first review of CM/ECF notices is the email delivered directly to attorneys and paralegals, where they can access any filed documents by following links in the emails to the online docket and the electronically filed documents.

8. Second, SRIPLAW uses a system called Docketbird, which manages PACER-generated emails to track the issuance of all new court filings. When a filing is docketed by the court, Docketbird automatically downloads the corresponding order or filing, generates an email with the description of the court transaction, attaches the order or filing, and sends the email to any prearranged email addresses. Attorneys and paralegals assigned to a case receive all Docketbird emails concerning that case. Paralegals docket any deadlines accordingly in the corresponding case file for all assigned attorneys and staffers to see.

9. Finally, SRIPLAW employs a third layer of review. When a Docketbird email is generated, an SRIPLAW staffer posts it to a shared messaging board for SRIPLAW paralegals to review, confirm which emails correspond to their assigned cases, and docket any deadlines not already docketed in the corresponding case file.

10. On December 12, 2022, when the Court's Order scheduling the status conference was docketed, the email received from the CM/ECF system referenced this case in the subject line. However, the body of the email first noticed a separate case, *Jimenez v. Jackson Health System* (flsd-1:2021-cv-23829), and an order entered at DE 19 (Order Scheduling Video Status Conferences). A true and correct screenshot of the email is attached hereto as Exhibit 1.

11. SRIPLAW does not represent any party in *Jimenez*.

12. In the aforementioned email, underneath the *Jimenez* case and order details, next appeared the name and case number for the instant action, and DE 13 Order Scheduling Video Status Conferences.

13. This email formatting caused Docketbird to pull the order corresponding to the *Jimenez* case details and automatically generate and send out an email referencing only the *Jimenez* case. The Docketbird email SRIPLAW counsel and paralegals received did not reference the *Oppenheimer* case in the subject line, in the attachments file name preview, or in the body of the

email. A true and correct screenshot of the email is attached hereto as Exhibit 2. The email referenced the Jimenez case in both the subject line and the body. The only attachment is the Court's Order in that case entered at DE 19.

14. As a consequence, SRIPLAW attorneys and paralegals, despite diligently checking for incoming emails alerting to new docket entries in their cases, failed to note that the email received on December 12, 2022 referencing *Jimenez v. Jackson Health System* also corresponded to the instant action.

15. The Docketbird system failed to alert recipients to discrepancies or potential problems in the CM/ECF notice email received, and automatically generated and delivered an email to SRIPLAW attorneys and paralegals who did not recognize the case as one of their own.

16. When an SRIPLAW staffer subsequently posted the Docketbird email to the paralegal message board, it did not contain any reference to the present matter, as none existed in the Docketbird message. As a consequence, the status conference date went uncalendared to any attorney, and SRIPLAW failed to appear on behalf of its client at the status conference.

17. The firm's three levels of safeguards failed due to unique circumstances this firm has not encountered before.

18. SRIPLAW carefully reviewed its process with respect to receiving and docketing new court filings, and immediately implemented measures to ensure this never happens again. Effectively immediately, a designated SRIPLAW staffer is reviewing every new court filing and ensuring each and every notice and docket entry is claimed timely by assigned personnel, or accounted for if unclaimed for some reason. The same SRIPLAW staffer will investigate any unclaimed court filings and work with an attorney in order to determine whether further action by the firm is warranted.

19. SRIPLAW is confident this additional fourth level of review, together with the ones already in place, will prevent any new court filings from going unnoticed.

20. These errors were unfortunate and one-off oversights. There was no malicious intent or knowledge involved with the errors. SRIPLAW strives to represent our clients responsibly.

21. This is the first time in my practice that this type of error has occurred. I will ensure that it is the last.

22. I assure the Court that errors such as these serious ones will not happen again. SRIPLAW promises to be more vigilant to avoid making mistakes like this that waste the Court's time.

23. I ask the court to please accept my apologies.

I declare under penalty of perjury that the foregoing is true and correct. Executed December 23, 2022.

Respectfully submitted,

*Angela M. Nieves*

ANGELA M. NIEVES