UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:22-cv-23699-RKA

DAVID GORDON OPPENHEIMER,

        Plaintiff,

v.

PANDA IDX, LLC,

        Defendant.

_____/

**PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO AMEND PLEADINGS OR JOIN PARTIES, OR IN THE ALTERNATIVE, FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff DAVID GORDON OPPENHEIMER, by and through his undersigned counsel, hereby files this Motion to Extend the Deadline to Amend the Pleadings or Join Parties, or in the Alternative, For Leave to Amend the Complaint, and in support thereof states as follows:

1. On April 24, 2023, this Court entered a scheduling order setting the deadline for the parties to file motions to amend pleadings or to join parties by June 12, 2023. (DE 35).

2. On May 10, 2023, Plaintiff served on Defendant Panda IDX, LLC ("Panda") its First Set of Requests for Production and First Set of Interrogatories. (Nieves Decl. ¶ 4, Ex. 1). As Panda has repeatedly stated it hired an independent contractor who is responsible for the infringement of Plaintiff's copyrighted work at issue, the discovery requests sought specific documents and information that could potentially identify the independent contractor. (Nieves Decl. ¶ 4).

3. On the afternoon of June 9, 2023, Panda served its responses and objections to Plaintiff's Requests for Production, which offered to produce responsive documents to just two

of the ten requests. (Nieves Decl. ¶ 5, Ex. 2). Panda did not produce any documents. (Nieves Decl. ¶ 5). Panda also served its Answers to Plaintiff's Interrogatories, unsigned and unsworn by the defendant. (Nieves Decl. ¶ 6, Ex. 3).

4. On Monday, June 12, 2023, Panda served on Plaintiff a signed copy of the Interrogatories. (Nieves Decl. ¶ 7, Ex. 4). Panda still did not produce any documents. (Nieves Decl. ¶ 8).

5. The answers to the Interrogatories and the responses to the Requests for Production do not provide any information at all about the purported independent contractor. However, Panda's answer to Interrogatory 6 and responses to Requests 8 and 9 indicate that responsive documents will be produced that directly concern and support Panda's assertion that an independent contractor is responsible for the use of Plaintiff's copyrighted photograph, and information on this individual could finally be disclosed. (Nieves Decl. ¶ 9).

6. Given that the website Panda used to hire the independent contractor, Freelancer.com, requires that all communications with its users be conducted through the website or the application, it is very likely Panda has the ability to produce the information sought in Plaintiff's discovery requests. (Nieves Decl. ¶ 10, Ex. 5).

7. Plaintiff has been waiting for information and documentation on Panda's independent contractor in order to determine whether this individual could be served and properly added as a defendant in this case. (Nieves Decl. ¶ 11). Panda has only indicated that the individual is an "Argentinian National" but has provided no basis for this description and does not explain whether the individual is located within the U.S. or abroad, and how Panda knows this. (Id.).

8. Plaintiff is preparing to serve Panda with correspondence detailing the deficiencies in their discovery responses and objections, and will then attempt to meet and confer with Panda in order to quickly find resolution or move to compel the information Plaintiff seeks. (Nieves Decl. ¶ 12).

9. Plaintiff requests this Court extend the deadline to amend the pleadings by fourteen (14) days to give Panda time to produce the responsive documents it promised, Plaintiff time to review the documents, and the parties time to work through the discovery disputes and narrow or resolve the issues.

10. A 14-day extension should give Plaintiff an opportunity to determine whether the independent contractor Panda hired is capable of being served, so that Plaintiff can decide whether it will name this individual in the Complaint.

11. In the alternative, Plaintiff moves this honorable Court for leave to amend its Complaint to add a claim against Panda for secondary liability for the infringement committed by its independent contractor. A copy of the proposed Amended Complaint is attached hereto as Exhibit 1.

12. Plaintiff did not have an opportunity to meet and confer with Panda before the end of the business day. Plaintiff reached out by phone and email after 5pm but Panda did not respond. (Nieves Decl. ¶ 16). However, Plaintiff is confident that Panda would oppose the amendment of the Complaint because it adds a claim for secondary liability against Panda. (Id.).

WHEREFORE, Plaintiff DAVID GORDON OPPENHEIMER prays this Honorable Court extend the deadline to amend the pleadings or join parties up to and through June 26, 2023, or in the alternative, that the Court grant Plaintiff leave to amend the Complaint, and for such other and further relief as to this Court deems just and proper in the premises.

DATED: June 13, 2023                    Respectfully submitted,

/s/ Angela M. Nieves
ANGELA M. NIEVES
Florida Bar No. 1032760
angela.nieves@sriplaw.com
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com
EVAN A. ANDERSEN
evan.andersen@sriplaw.com
*Admitted Pro Hac Vice*
Georgia Bar No. 377422

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff David Gordon Oppenheimer*

### CERTIFICATION OF SERVICE

The undersigned does hereby certify that on June 12, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorneys of record via the CM/ECF system.

*s/Angela M. Nieves*
ANGELA M. NIEVES